UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH and CINDY B. MERIEDETH,
        Plaintiffs,

vs.

FANNIE MAE and BAC HOME
LOANS SERVICING, LP,

        Defendants.
_____/

Case No. 11-CV-11866

HON. GEORGE CARAM STEEH

ORDER DENYING PLAINTIFFS' MOTION FOR REMAND (# 2)

Plaintiffs Keith and Cindy Meriedeth move to remand this lawsuit to Michigan's Oakland County Circuit Court. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

Plaintiffs filed a complaint in state court on March 28, 2011 alleging that defendants conducted a sheriff sale with respect to their real property in violation of Michigan statute on or about August 18, 2010. M.C.L. 600.3204 and 600.3205c. Plaintiffs seek three types of relief: (1) an order staying the redemption period, precluding any further action to foreclose by advertisement or requiring defendants to negotiate a loan modification, (2) an order for defendants to comply with Michigan statutes and (3) to consider a civil fine of $2,000 against defendants. M.C.L. 600.3205c(6)-(7) and 600.3285.

Defendants removed the lawsuit to federal court on April 27, 2011 based on federal diversity jurisdiction under 28 U.S.C. § 1332.  Plaintiffs are both citizens of Michigan, Fannie Mae is a citizen of Washington, D.C. as a government-sponsored enterprise chartered by Congress with its principal place of business in Washington, D.C., and BAC is a Texas citizen with its principal place of business located in Texas.  Defendants allege that, upon information and belief, "There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  The amount of the mortgage loan in controversy is $304,050.00.  The value of the property was $303,881.66 as of August 17, 2010."  Notice of Removal at 2-3.

Plaintiffs filed the instant motion to remand on May 4, 2011 arguing that the amount in controversy does not exceed $75,000.00 and plaintiffs are only seeking equitable relief with no dollar amount in controversy.  Notice of Objection to Removal and Request for Remand at 2-3.

### I.  $75,000.00 Jurisdictional Requirement

Defendants Fannie Mae and BAC have the burden of proving by a preponderance of the evidence that plaintiffs' claims will "more likely than not" exceed the $75,000.00 jurisdictional requirement of 28 U.S.C. § 1332(a).  <u>Gafford v. General Electric Co.</u>, 997 F.2d 150, 155 (6th Cir. 1993).  Plaintiffs' complaint alleges various causes of action against defendants in connection with the foreclosure action taken against property located at 25554 Keenan Court, Novi, Michigan 48375.  The property was undisputedly sold for $303,881.66 at a Sheriff's Deed on Mortgage Sale on August 17, 2010.  Def.'s Resp. to Pl.'s Objection to Removal at 3.  The majority of courts addressing the valuation issue in the context of wrongful foreclosure have held that the

relevant amount for amount-in-controversy purposes is determined by the fair market value of the property.  See Bobel v. Met Life Home Loans, Inc., No. 11-CV-10574, 2011 U.S. Dist. LEXIS 51388, at *6-7 (E.D. Mich. May 13, 2011).  Meanwhile, some courts use a different approach and hold that the relevant amount is the amount owed on the mortgage loan.  See Bobel, 2011 U.S. Dist. LEXIS 51388, at *8 (citing Garfinkle v. Wells Fargo Bank, 483 F.2d 1074, 1076 (9th Cir. 1973) (determining that relevant value was either the amount of indebtedness or the fair market value of the property, and concluding that, because either amount was over the jurisdictional minimum, it need not decide between the two)).

The property at issue sold for $303,881.66 at the sheriff's sale, and the amount of the mortgage loan was $304,050.00.  In requesting to overturn the sale, plaintiffs have clearly alleged an amount in controversy exceeding the $75,000 jurisdictional amount of 28 U.S.C. § 1332(a).  Gafford, 997 F.2d at 155.

For the reasons set forth above, plaintiffs' motion to remand is hereby DENIED.

SO ORDERED.

Dated:  June 13, 2011

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 13, 2011, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk